**Lelyana TARDIO; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 03–70602.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 18, 2008.

John W. Craig, Law Offices of John W. Craig, Los Angeles, CA, for Petitioners.

* The panel unanimously finds this case suitable

for decision without oral argument. *See* Fed.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Earle B. Wilson, Esq., Efthimia S. Pilitsis DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Lead petitioner Lelyana Tardio, a native and citizen of Indonesia, seeks review of the Board of Immigration Appeals' ("BIA") decision that affirmed the Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The applications of Tardio's husband Agus Susanto, and her children Deany Susanto and Deary Susanto, are derivative of Tardio's application. *See* 8 U.S.C. § 1158(b)(3). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review in part, grant in part, and remand.

The record does not compel the conclusion that Tardio's untimely filing of her asylum application should be excused. *See* 8 C.F.R. § 208.4(a); *Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007) (per curiam). Accordingly, we deny the petition as to Tardio's asylum claim.

Because the IJ denied withholding of removal without determining whether the harm Tardio experienced amounted to past persecution, we grant the petition as to the withholding of removal claim, and remand for further proceedings. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *Singh v. Gonzales,* 439 F.3d 1100, 1111–13 (9th Cir. 2006).

The IJ's denial of CAT relief, however, is supported by substantial evidence because Tardio did not establish that is more likely than not that she would be tortured if returned to Indonesia. *See Singh,* 439 F.3d at 1113.

Tardio's contention that the BIA violated her due process rights by summarily affirming the IJ's decision is foreclosed. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir.2003).

While Tardio contends that the IJ violated her due process rights by failing to consider the issue of whether she was entitled to asylum based upon a pattern and practice of persecution, Tardio cannot demonstrate prejudice because the IJ denied her asylum claim as time-barred. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000).

We deny Deany Susanto's motion to have his case reopened before the IJ so that he can file for adjustment of status, because any motion to reopen should be filed with the BIA, not with this Court. *See* 8 C.F.R. § 1003.2.

**PETITION FOR REVIEW DENIED in part, GRANTED in part, and REMANDED.**

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.